**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180174-U

Order filed July 24, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0174 Circuit No. 15-DT-462 |
| SEAN COCHREN, | ) ) ) | Honorable Frank W. Ierulli, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices McDade and O'Brien concurred in the judgment.

**ORDER**

¶ 1      *Held*:  The State proved defendant's guilt of driving under the influence beyond a reasonable doubt.

¶ 2      Defendant, Sean Cochren, appeals from his conviction for driving under the influence of alcohol (DUI). He contends the State did not prove beyond a reasonable doubt that he committed the offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 The State charged defendant with DUI (625 ILCS 5/11-501(a)(2) (West 2014)). The cause proceeded to a jury trial.

¶ 5 Sergeant Jeffrey Miller testified that he was dispatched to a single-vehicle accident at approximately 5 a.m. on September 27, 2015. When he arrived at the accident, he observed defendant's vehicle parked in the right-hand lane of the roadway. The vehicle was sitting in a large puddle of fluid, with all four tires flat and two front airbags deployed. He observed a trail of fluid from defendant's vehicle back to a median where he saw tire marks and more fluid leading to another median with tire marks and debris that appeared to be from a vehicle.

¶ 6 When defendant exited his vehicle, he appeared to be slightly unsteady on his feet. Miller smelled an odor of an alcoholic beverage emitting from defendant's breath. Defendant's speech was slurred, and his eyes were bloodshot and glassy. When Miller asked defendant what he hit with his vehicle, defendant responded "nothing." Later, he told police he had trouble with his tires going flat. When an officer asked where he was coming from, defendant stated, he was coming from the Chili's restaurant where he worked.

¶ 7 Given these observations, Miller requested that defendant perform field sobriety tests. At first, defendant did not respond to Miller's request. After Miller repeated the question and told defendant that he "wanted to make sure he was okay to drive, [defendant] stated obviously he can't drive." Miller arrested defendant after he refused the field sobriety tests. At the police department, Miller asked defendant to submit to an alcohol breath test. Defendant did not respond to Miller's request. Miller recorded the absence of a response as a refusal.

¶ 8 The State introduced into evidence the dash camera recording taken from Miller's squad car. The video showed the interaction between defendant and Miller at the scene. The video shows Miller arriving at the scene of the accident. When defendant exited his vehicle, he appeared to

sway. As Miller questioned defendant, defendant did not respond to many of Miller's questions and placed telephone calls. Defendant told Miller that he was trying to get a ride. At times, defendant's speech sounded slurred as he responded to Miller's questions and spoke on his telephone. Defendant denied jumping the median and claimed to not know what happened. Defendant refused to submit to field sobriety tests, noting he "obviously" could not drive and that there was "no point." After defendant refused the field sobriety tests, Miller placed defendant under arrest.

¶ 9 The State also introduced into evidence the booking room video. The video recorded Miller's multiple requests that defendant submit to an alcohol breath test. Defendant did not move or verbally respond to the requests. Later in the video, defendant discussed with another officer his difficulty finding shoes that fit. He stated that because of the way his feet are shaped, he has poor balance and is "always stumbling." He also explained that raccoons ran out in front of him, causing the accident.

¶ 10 The jury found defendant guilty of DUI. The court sentenced him to 10 weekends in jail and 12 months of probation.

¶ 11         II. ANALYSIS

¶ 12 On appeal, defendant argues the evidence was insufficient to prove him guilty beyond a reasonable doubt of DUI. Defendant contends that the evidence failed to show that he consumed alcohol prior to driving, and if it did show consumption, then the State failed to prove that his mental faculties were so impaired as to reduce his ability to think and act with ordinary care. Viewing the evidence in the light most favorable to the State, we find a rational trier of fact could have found defendant guilty of DUI.

¶ 13　　　　When a defendant makes a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *Id.* "[T]he reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). " ' "[T]he trier of fact is not required to disregard inferences which flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." ' " *People v. Newton*, 2018 IL 122958, ¶ 24 (quoting *People v. Hardman*, 2017 IL 121453, ¶ 37, quoting *People v. Jackson*, 232 Ill. 2d 246, 281 (2009)). The trier of fact must also "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Gray*, 2017 IL 120958, ¶ 35. A reviewing court will not replace the trier of fact's judgment with its own regarding the weight of the evidence or witnesses' credibility. *Id.* "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 14　　　　To prove defendant guilty of DUI, the State needed to show that defendant drove or was in actual physical control of a vehicle while under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2014). "A person is under the influence of alcohol when, as a result of drinking any amount of alcohol, his mental or physical faculties are so impaired as to reduce his ability to think and act with ordinary care." Illinois Pattern Jury Instructions, Criminal, No. 23.29 (4th ed. 2000).

¶ 15    First, defendant argues the State failed to prove that he consumed alcohol. The State proved through circumstantial evidence that defendant had consumed alcohol. Miller testified that defendant's breath smelled of an alcoholic beverage, he appeared unsteady, his speech was slurred, and his eyes were bloodshot and glassy. Together, this evidence indicated that defendant had consumed alcohol. See, *e.g.*, *People v. Meo*, 2018 IL App (2d) 170135, ¶ 29 (defendant's glassy and bloodshot eyes, slurred speech, the odor of an alcoholic beverage on his breath, plus fumbling actions, admission to drinking, and refusal to take a breath test was evidence of impairment caused by alcohol consumption). Additionally, defendant's refusal to submit to field sobriety and breath tests indicated a consciousness of guilt. See *People v. Johnson*, 218 Ill. 2d 125, 140 (2005). Given this evidence, the jury reasonably found that defendant had consumed alcohol.

¶ 16    Second, defendant argues the State did not prove that his alcohol consumption impaired his mental faculties to reduce his ability to think and act with ordinary care. Here, the evidence of the damage to defendant's vehicle plus Miller's observations of defendant's unsteadiness and slurred speech permitted the jury to reasonably infer that defendant's alcohol consumption impaired his ability to think and act with ordinary care. See *Meo*, 2018 IL App (2d) 170135, ¶ 29.

¶ 17    Third, defendant contends that the squad car video contradicted Miller's testimony that he was unsteady on his feet and slurred his speech. Any variance between Miller's testimony regarding defendant's impairment and the video evidence presented a question of fact for the jury to decide. *Jackson*, 443 U.S. at 319. From our review of the video, defendant appeared unsteady as he exited his vehicle, and his speech sounded slurred at several points in the video. This evidence was consistent with Miller's testimony about the clues of impairment. Therefore, the jury reasonably accepted Miller's testimony regarding the evidence of impairment.

¶ 18     Fourth, defendant argues that there are other explanations, aside from alcohol consumption, for his accident and refusal to complete the field sobriety and breath tests. These differing explanations created a credibility determination for the jury, and we will not substitute our judgment for that of the jury. See *Gray*, 2017 IL 120958, ¶ 35. At trial, the jury heard defendant's alternative explanation for the damage to his vehicle as well as his excuses for refusing the field sobriety tests. Ultimately, the jury found defendant's explanations incredible. This determination was reasonable given the weight of the evidence that indicated that defendant had consumed alcohol, and his resulting impairment caused the damage to his vehicle and prompted his refusal to submit to the field sobriety tests.

¶ 19     Finally, defendant argues that our decision is directed by *People v. Day*, 2016 IL App (3d) 150852, ¶ 36. In *Day*, this court reviewed a probable cause to arrest determination. At the hearing that preceded the probable cause determination, the arresting officer testified that he observed defendant's eyes to be glassy and bloodshot. Defendant told the officer that he had consumed alcohol. Defendant did not exhibit any evidence of poor driving. The circuit court found the officer did not have probable cause to arrest defendant for DUI. On appeal, we affirmed the circuit court's ruling. *Id.* ¶ 38. We held "[t]he consumption of alcoholic beverages, however, even considered in conjunction with bloodshot or glassy eyes, may not alone give rise to probable cause." *Id.* at ¶ 36.

¶ 20     We find that our prior decision in *Day* does not direct the outcome of this case. This case differs from *Day* in that we are not reviewing a probable cause determination. Nor are we reviewing a case where the only indications of alcohol consumption and impairment were the defendant's bloodshot, glassy eyes, and statement that he consumed alcohol. Unlike *Day*, in addition to Miller's observations regarding defendant's eyes, Miller noted that defendant's speech

was slurred, he was unsteady, and his breath smelled of alcoholic beverage. Given the totality of these facts, we find the State proved defendant's guilt of DUI beyond a reasonable doubt.

¶ 21                                     III. CONCLUSION

¶ 22        For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 23        Affirmed.